UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHARINE ZIEGLER and JARED SPENCER,

                              Plaintiffs,

       -against-

CITY OF NEW YORK, KERWIN GARCIA, Individually,
RYAN GALVIN, Individually, GEORGE MARTUCCI,
Individually, KENNY CHAN, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 0117
(WFK) (VMS)

<u>Jury Trial Demanded</u>

Plaintiffs SHARINE ZIEGLER and JARED SPENCER, by their attorneys, Leventhal &
Klein, LLP, complaining of the defendants, respectfully allege as follows:

<u>**Preliminary Statement**</u>

1.      Plaintiffs bring this action for compensatory damages, punitive damages and
attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights,
as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs
also assert supplemental state law claims.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert
supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff SHARINE ZIEGLER is a forty-nine year old African American woman residing in Brooklyn, New York.

7.     Plaintiff JARED SPENCER is a twenty-five year old African American man residing in Brooklyn, New York.  Plaintiff SPENCER is plaintiff ZIEGLER's son.

8.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, KERWIN GARCIA, RYAN GALVIN, GEORGE MARTUCCI, KENNY CHAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.     On October 10, 2011, at approximately 7:00 p.m., in the rear of 94 Chauncey Street, Brooklyn, New York, defendant officers, including but not limited to, upon information and belief, defendants KERWIN GARCIA, RYAN GALVIN, GEORGE MARTUCCI, and KENNY CHAN, without cause or any other purported justification participated in assaulting, battering, and falsely arresting plaintiffs SPENCER and ZIEGLER.

14.     In particular, defendant officers repeatedly struck plaintiffs ZIEGLER and SPENCER in the face and body with their hands, radios, batons, and flashlights, and sprayed them with pepper spray.

15.     Defendant officers handcuffed plaintiffs.

16.     Defendant officers forcefully dragged plaintiff ZIEGLER to a police van and imprisoned her therein.

17.     Defendant officers forcefully escorted plaintiff SPENCER to a police van.

18.     While standing outside the police van, a defendant officer struck plaintiff SPENCER on his face while plaintiff was restrained by rear handcuffs.

19.     Defendant officers imprisoned plaintiff SPENCER in said police van.

20.     Defendant officers transported plaintiffs to the 81st Police Precinct stationhouse and imprisoned them therein.

21.     After a period of time, an ambulance transported plaintiffs to Woodhull Medical Center where they received treatment for their injuries.

22.     Plaintiffs remained imprisoned until they were released on October 11, 2011, after their arraignments in Kings County Criminal Court on baseless and manufactured charges filed against them based on the false allegations of the defendant officers, including defendant GARCIA.  The defendants initiated said prosecutions with malice, and otherwise caused said prosecutions to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of police brutality and misconduct.

23.     As a result of the defendant officers' actions, plaintiff ZIEGLER suffered injuries including but not limited to, a laceration to her right elbow which required fourteen stitches to close, pain and swelling to her right hand and wrist necessitating an ace bandage, pain and swelling to her left knee necessitating an ace bandage, and pain to her head and legs.

24.     As a result of the defendant officers' actions, plaintiff SPENCER suffered injuries including but not limited to a hematoma to the right side of his forehead, bleeding from his nose, swelling to the left side of his nose, contusions to his face, scalp, and neck, and pain and discomfort related to being sprayed with mace.

25.     As a result of the defendant officers' false and manufactured statements conveyed to the Kings County District Attorney's Office, plaintiff ZIEGLER had to return to court on numerous occasions until, on November 29, 2012, all the false charges levied against her were

dismissed and sealed in Kings County Criminal Court.

26.     As a result of the defendant officers' false and manufactured statements conveyed to the Kings County District Attorney's Office, plaintiff SPENCER had to return to court on numerous occasions until, on June 18, 2012, plaintiff SPENCER was found not guilty after trial in Kings County Criminal Court and all the false charges lodged against him were dismissed and sealed.

27.     Defendants KERWIN GARCIA, RYAN GALVIN, GEORGE MARTUCCI, KENNY CHAN, and JOHN and JANE DOE 1 through 10 either directly participated in the illegal conduct described herein, or were present for said conduct, and failed to intervene, despite a meaningful opportunity to do so.

28.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiffs based on their race, and pursuant to a widespread practice of falsification.

29.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; improperly abuse their authority to arrest individuals in an attempt to cover up their use of excessive force; and commit perjury or manufacture evidence to convict such individuals.

30.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(Deprivation of Rights Under 42 U.S.C. § 1983)</u>

33.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.     All of the aforementioned acts deprived plaintiffs SHARINE ZIEGLER and JARED SPENCER, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiffs SHARINE ZIEGLER and JARED SPENCER without probable cause, causing them to be detained against their will for an extended period of time and subjected them to physical restraints.

42.     Defendants caused plaintiffs SHARINE ZIEGLER and JARED SPENCER to be falsely arrested and unlawfully imprisoned.

43.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs SHARINE ZIEGLER and JARED SPENCER'S constitutional rights.

46.     As a result of the aforementioned conduct of defendants, plaintiffs SHARINE ZIEGLER and JARED SPENCER were subjected to excessive force and sustained physical injuries.

47.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants maliciously issued criminal process against plaintiffs SHARINE ZIEGLER and JARED SPENCER by causing them to appear in Kings County Criminal Court.

50.     Defendants caused plaintiffs SHARINE ZIEGLER and JARED SPENCER to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to

8

wit: to avoid discipline for the above mentioned acts of police brutality and misconduct.

51.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs SHARINE ZIEGLER and JARED SPENCER.

54.     Defendants caused plaintiffs SHARINE ZIEGLER and JARED SPENCER, to be prosecuted without any probable cause until the charges were dismissed on November 29, 2012 and June 18, 2012, respectively.

55.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants created false evidence against plaintiffs SHARINE ZIEGLER and

JARED SPENCER.

58.    Defendants utilized this false evidence against plaintiffs SHARINE ZIEGLER and JARED SPENCER in legal proceedings.

59.    As a result of defendants' creation and use of false evidence, plaintiffs SHARINE ZIEGLER and JARED SPENCER suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

60.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

61.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendants had an affirmative duty to intervene on behalf of plaintiffs SHARINE ZIEGLER and JARED SPENCER, whose constitutional rights were being violated in their presence by other officers.

63.    The defendants failed to intervene to prevent the unlawful conduct described herein.

64.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER were subjected to excessive force, their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

10

65.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

66.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     The supervisory defendants personally caused plaintiffs SHARINE ZIEGLER and JARED SPENCER'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

68.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

69.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The defendants seized, assaulted, battered, detained, arrested, imprisoned, and prosecuted plaintiffs SHARINE ZIEGLER and JARED SPENCER, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

71.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER were deprived of their rights under the Equal Protection Clause of the United States Constitution.

72.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

73.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting citizens to excessive force, falsely arresting citizens, and committing perjury and/or manufacturing evidence and/or engaging in falsification to cover up abuse of authority.

76.    In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs SHARINE ZIEGLER and JARED SPENCER'S rights as described herein.

77.    As a result of the failure of the City of New York to properly recruit, screen, train,

12

discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs SHARINE ZIEGLER and JARED SPENCER.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs SHARINE ZIEGLER and JARED SPENCER as alleged herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs SHARINE ZIEGLER and JARED SPENCER as alleged herein.

81.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs SHARINE ZIEGLER and JARED SPENCER was seized, subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

82.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs SHARINE ZIEGLER and JARED SPENCER'S constitutional rights.

83.     All of the foregoing acts by defendants deprived plaintiffs SHARINE ZIEGLER and JARED SPENCER of federally protected rights, including, but not limited to, the right:

     A.     Not to be deprived of liberty without due process of law;

     B.     To be free from the use of excessive force;

     C.     To be free from seizure and arrest not based upon probable cause;

     D.     To be free from malicious abuse of process;

     E.     To be free from malicious prosecution;

     F.     To be free from false imprisonment/arrest;

     G.     To be free from deprivation of the right to a fair trial/fabrication of evidence; and

     H.     To receive equal protection of the law.

84.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**<u>Supplemental State Law Claims</u>**

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

87.     The CITY OF NEW YORK has wholly neglected or refused to make an

14

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

88.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

90.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

<strong>AS AND FOR AN ELEVENTH CAUSE OF ACTION</strong><br>(False Arrest under the laws of the State of New York)

91.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants arrested plaintiffs SHARINE ZIEGLER and JARED SPENCER without probable cause.

93.     Plaintiffs SHARINE ZIEGLER and JARED SPENCER were detained against their will for an extended period of time and subjected to physical restraints.

94.     As a result of the aforementioned conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER were unlawfully imprisoned in violation of the laws of the State of New York.

95.     As a result of the aforementioned conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

96.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED

SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

97.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER were placed in apprehension of imminent harmful and offensive bodily contact.

99.     As a result of defendants' conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

101.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.     Defendants made offensive contact with plaintiffs SHARINE ZIEGLER and JARED SPENCER without privilege or consent.

103.    As a result of defendants' conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

105.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants initiated, commenced, and continued malicious prosecutions against plaintiffs SHARINE ZIEGLER and JARED SPENCER.

107.    Defendants caused plaintiffs SHARINE ZIEGLER and JARED SPENCER to be prosecuted without probable cause until the charges were dismissed on or about November 29, 2012 and June 18, 2012, respectively.

108.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

109.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.     Defendants issued criminal process against plaintiffs SHARINE ZIEGLER and JARED SPENCER by causing them to be arrested, and requiring their appearance in Kings County Criminal Court.

111.     Defendants compelled plaintiffs' appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of police brutality and misconduct.

112.     As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

113.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

115.     The aforementioned conduct was committed by defendants while acting within

18

the scope of their employment by defendant CITY OF NEW YORK.

116.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

117.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

118.   As a result of the aforementioned conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

119.   As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

120.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

122.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

123.   As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED

SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

124.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of; excessive use of force against; and, malicious prosecution of plaintiffs.

126.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

127.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Plaintiffs SHARINE ZIEGLER and JARED SPENCER'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK

and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

129.   As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

130.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132.   As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

133.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    As a result of defendants' conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER were deprived of their right to equal protection of laws.

135.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

136.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    As a result of defendants' conduct, plaintiffs SHARINE ZIEGLER and JARED SPENCER were deprived of their right to security against unreasonable searches, seizures, and interceptions.

138.    As a result of the foregoing, plaintiffs SHARINE ZIEGLER and JARED SPENCER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs SHARINE ZIEGLER and JARED SPENCER demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined

22

by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        May 30, 2014

                                LEVENTHAL & KLEIN, LLP
                                Attorneys for Plaintiffs SHARINE ZIEGLER and
                                JARED SPENCER
                                45 Main Street, Suite 230
                                Brooklyn, New York 11201
                                (718) 722-4100

                                By:     _____/s/_____
                                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHARINE ZIEGLER and JARED SPENCER,

          Plaintiffs,

                 13 CV 0117
    -against-            (WFK) (VMS)

CITY OF NEW YORK, KERWIN GARCIA, Individually,
RYAN GALVIN, Individually, GEORGE MARTUCCI,
Individually, KENNY CHAN, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

          Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100